## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ELISE HOWELL and JOHN
HOWELL,

     Plaintiffs,

v.                                                            Case No: 8:21-cv-1252-CEH-SPF

CROSSPOINT VETERINARY
HOSPITAL, LLC, CHRISTINE
MCHUGHES, EUGENE JENKINS
and UNKNOWN DEFENDANTS,

     Defendants.

_____/

## ORDER

This matter comes before the Court on the Plaintiffs' Motion to Reconsider and/or Vacate October 25, 2021 Order (Doc. 12), filed on November 8, 2021. In the motion, Plaintiffs request an Order vacating the Court's prior order adopting the Magistrate Judge's Report and Recommendation because they did not timely receive the Report and Recommendation. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiffs' Motion to Reconsider and/or Vacate October 25, 2021 Order.

## DISCUSSION

"[A] motion to reconsider must demonstrate why the court should reconsider its decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356,

1358 (M.D. Fla. 2007). "This ordinarily requires a showing 'of clear and obvious error where the interests of justice demand correction.'" *Id.* (quoting *Prudential Sec., Inc. v. Emerson*, 919 F. Supp. 415, 417 (M.D. Fla.1996)). Reconsideration of an order is usually justified by (i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or manifest injustice. *Id.* (quoting *True v. Comm'r of the I.R.S.*, 108 F.Supp.2d 1361, 1365 (M.D. Fla. 2000)); *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."). However, "[a] motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

Plaintiff's motion does not raise an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice. Rather, Plaintiffs seek reconsideration because they are confused as to the import of the order. Additionally, Plaintiffs summarily argue that venue is proper, but alternatively, seek an order of transfer. These matters are not appropriate argument to support reconsideration of the Court's prior order adopting the report and recommendation and dismissing Plaintiff's Complaint.

For Plaintiffs' edification, the Order permitted them leave to amend. They have done so and filed an Amended Complaint. Doc. 13. However, the Order also

dismissed without prejudice their motion to proceed *in forma pauperis*, which they must re-file in the event they want the Court to consider their Amended Complaint. The Court notes that the Plaintiff filed the "short form" application (Doc. 2, 3). In re-filing their application, Plaintiffs shall use the "long form" Application to Proceed in District Court without Prepaying Fees or Costs, which can be found on the Court's website. *See* https://www.flmd.uscourts.gov/forms/all/filing-a-case-forms.

Accordingly, it is

**ORDERED**:

1.      Plaintiffs' Motion to Reconsider and/or Vacate October 25, 2021 Order (Doc. 12) is **DENIED**.

2.      Plaintiffs are directed to submit within 14 days a new application to proceed in federal court without prepaying fees and costs (long form), which the Court will consider in conjunction with Plaintiffs' Amended Complaint. Failure to timely submit a new application may result in dismissal of this action without prejudice without further notice.

**DONE AND ORDERED** in Tampa, Florida on November 10, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Elise and John Howell, *pro se*
Counsel of Record